# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| DOUG STANLEY, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO:  09-CV-00824 |
| | § | |
| THE MUDLOGGING COMPANY USA, LP, | § | |
| | § | |
| Defendant. | § | JURY DEMANDED |

### PLAINTIFF'S MOTION FOR LEAVE TO AMEND PLEADINGS

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiff Doug Stanley respectfully requests the Court to grant leave to amend his Complaint to assert claims for breach of contract and quantum meruit against Defendant The Mudlogging Company USA, LP ("Mudlogging"). Good cause exists for the motion because the Court possesses supplemental jurisdiction over Stanley's claims, as authorized by 28 U.S.C. section 1367(a). In the interest of justice, Plaintiff requests the Court to allow him to join his state-law claims in this lawsuit.

**A. The Court has authority pursuant to 28 U.S.C. section 1367 to exercise supplemental jurisdiction over Stanley's claims for breach of contract and quantum meruit.**

28 U.S.C. section 1367(a) states that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The Court has original jurisdiction over Stanley's claim under the Fair Labor Standards Act ("FLSA"). Stanley also has breach of contract and quantum meruit claims arising under state law, which clearly form part of the same case or controversy. As a former employee of

Mudlogging, Stanley is seeking payment of all his earned wages.  Stanley is alleging that Mudlogging did not pay him all of his earned wages.  The same facts form the basis of Stanley's claims, whether they fall under state law or the FLSA.

In the interests of justice, Stanley respectfully requests the Court to allow him to join his state-law claims in this lawsuit.  A party may amend its pleading with the Court's leave, and the Court should freely give leave when justice so requires.  FED. R. CIV. P. 15(a)(2).  A party asserting a claim may join, as independent or alternative claims, as many claims as it has against an opposing party.  FED. R. CIV. P. 18(a).   Federal courts may exercise supplemental jurisdiction over state-law claims linked to a claim based on federal law.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (U.S. 2006).  Stanley's FLSA claim is already before the Court.  Joining his state-law claims to this lawsuit will allow judicial economy and efficiency.  For the sake of justice, he should be allowed to bring his state-law claims.  Therefore, Stanley brings this request so that all his claims, whether arising under federal or state law, may be resolved.

**B. The facts supporting Stanley's state-law claims will largely be identical to the facts supporting his federal claim.**

Stanley was a full-time employee of Mudlogging for four and a half years until December 11, 2008.  His job required him to work several hours.  He reported all his working hours to Mudlogging and expected to be paid for all his earned wages.  Stanley is alleging that he was not paid all his earned wages.

Because the facts necessary to support Stanley's state-law claims are identical to those supporting his federal claim, granting leave to amend will not impact the procedural posture of this case or in any way delay these proceedings.  The parties have conducted discovery.  Discovery relevant to the federal claim will also be relevant to the state-law claims.  Thus, granting leave will cause no prejudice to Mudlogging.

**C.  Relief requested**

Federal Rule of Civil Procedure 15(a)(2) allows the Court to grant leave to amend if justice requires.  Stanley's FLSA claim is already pending in this lawsuit.  His state-law claims for breach of contract and quantum meruit are based on the same facts.  Stanley's claims, whether under federal or state law, all form part of the same case or controversy.  28 U.S.C. section 1367(a) authorizes the Court to exercise supplemental jurisdiction over these claims. Therefore, Plaintiff Doug Stanley respectfully requests the Court to grant leave to amend pleadings, so that he may join his claims for breach of contract and quantum meruit in this lawsuit.

Respectfully submitted,


__/s/ Charles A. Sturm_____
CHARLES A. STURM
Texas Bar No. 24003020
Federal Bar No. 21777
1000 Louisiana, Suite 3780
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]
csturm@steelesturm.com

ATTORNEY IN CHARGE FOR
PLAINTIFF DOUG STANLEY

OF COUNSEL:
HOWARD L. STEELE, JR.
Texas Bar No. 24002999
Federal Bar No. 21615
KEVIN T. KENNEDY
Texas Bar No. 24009053
Federal Bar No. 305324
VICTOR ANG
Texas Bar No. 24059382
Federal Bar No. 962896
STEELE STURM, PLLC
1000 Louisiana, Suite 3780
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]

## CERTIFICATE OF SERVICE

I certify that a copy of Plaintiff's Motion to Amend Pleadings was served on the following counsel of record by electronic case filing on June 2, 2010.

Philip R. McDaniel
TRIBBLE, ROSS & WAGNER
3355 W. Alabama, Suite 1200
Houston, Texas 77098
Telephone: 713.622.0444
Facsimile: 713.622.0555

\_\_/s/ Charles A. Sturm_____
CHARLES A. STURM