UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DISTRICT

| | | |
|---|---|---|
| DOUG STANLEY,<br>Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§<br>§ | CIVIL ACTION NO. 4:09-CV-00824 |
| THE MUDLOGGING COMPANY USA, LP<br>Defendant. | §<br>§<br>§<br>§ | |

**DEFENDANT THE MUDLOGGING COMPANY USA, LP'S RESPONSE AND OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND PLEADINGS**

TO THE HONORABLE JUDGE OF THIS COURT:

COME NOW Defendant THE MUDLOGGING COMPANY USA, LP ("Defendant"), and files this, its Response and Opposition to Plaintiff's Motion for Leave to Amend Pleadings, ("Motion for Leave"), and would show the Court as follows:

## I. FACTUAL BACKGROUND

Plaintiff filed his Original Petition approximately a year and three months ago, on March 19, 2009, in the United States District Court for the Southern District of Texas for violations of the FLSA, 29 U.S.C. §207(a)(1) and 29 U.S.C. §216 (b), alleging failure to pay overtime wages.

This court's Motions deadline was June 1, 2010. Plaintiff filed his Motion for Leave on June 2, 2010. (See Scheduling Order on file with this Court). The Motion has therefore been filed past this Court's imposed Motions deadline and is filed untimely under Fed. R. Civ. P. 15(a)(2) and 16(b).

On May 1, 2010, the discovery deadline in this case passed. The only discovery conducted by Plaintiff was to propound upon Defendant Requests for Production, consisting of 18 requests. Plaintiff took no depositions of witnesses, propounded no Interrogatories and conducted virtually no other discovery beyond these First Requests for Production.

Defendant deposed Plaintiff on April 30, 2010, and propounded upon Plaintiff Requests for Production and Interrogatories. Defendant produced voluminous documents, including over 700 pages of corporate records to support its defense that Plaintiff was a commercial driver, exempt from overtime under the Motor Carrier Act and the Fair Labor Standards Act. Plaintiff has unquestionably had adequate amount of time over the last year and three months and prior to the May 1, 2010, discovery deadline to develop his case and to amend his pleadings.

The deadline to Amend Pleadings was August 1, 2009. On July 31, 2009, one day before the deadline to Amend Pleadings, Plaintiff filed his First Amended Complaint. Now, on June 2, 2010, nearly a year later, and well past the deadline to Amend Pleadings, Plaintiff filed a Motion for Leave, seeking to add claims for breach of contract and quantum meriut. Plaintiff has unquestionably had adequate time to amend his pleadings in a timely fashion but has failed to do so.

Finally, on May 27, 2010, after sufficient time for discovery had passed, Defendant filed a Motion for Summary Judgment. On June 2, 2010, six days after Defendant's Motion for Summary Judgment was filed, Plaintiff filed a Motion for Leave. Plaintiff now seeks to add additional claims to what has always solely been a FLSA claim. Plaintiff seeks to add state law claims for breach of contract and quantum meruit, both of which are clearly unfounded and unsupported by his own testimony.

Plaintiff is making an obvious attempt to amend his petition in order to defeat summary judgment and his Motion is filed in bad faith. Additionally, the new allegations prejudice Defendant's defense on the merits and would require Defendant to expend significant additional resources to conduct discovery and prepare for trial, and significantly delays the resolution of this dispute. More importantly, Plaintiff's newly added allegations will not withstand a Motion to Dismiss and are thus futile. Plaintiff's Motion for Leave to Amend Pleadings should therefore be denied.

## II. ARGUMENTS AND AUTHORITIES

### A. PLAINTIFF'S MOTION FOR LEAVE IS FILED BEYOND THE MOTIONS DEADLINE AND SHOULD BE DENIED.

Federal Rule of Civil Procedure 16(b) governs amendment of pleadings once a scheduling order has been issued by the district court. Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." The good cause standard requires that the "party seeking relief [show] that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir.2003).

The Motions deadline imposed by this Court in this matter was June 1, 2010. (See Scheduling Order on file with this Court). Plaintiff filed his Motion for Leave on June 2, 2010, (See Plaintiff's Motion for Leave to Amend Pleadings on file with this court). Plaintiff offered no reason whatsoever for filing past the Court's deadline, and as such has failed to establish good cause for his untimely request to amend. Plaintiff's Motion for Leave thus violates this Court's own imposed deadline and should be denied.

### B. PLAINTIFF'S MOTION FOR LEAVE SHOULD BE DENIED UNDER FED.R.CIV.P. 15 (a)

Fed.R.Civ.P. 15(a) provides that leave to amend pleadings shall be freely given when justice so requires. However, the Fifth Circuit has held that this right "is by no means automatic." *Wimm v. Jack Eckerd Corp.* 3 F.3d 137, 139 (5th Cir. Tex.,1993). (citing *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Tex. 1981). When making a decision on whether to grant leave to file an amended pleading, a district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182, (1962).

**1. Plaintiff's Motion for Leave is Filed in Bad Faith**

In an analogous case to the present one, *Little v. Liquid Air Corporation, et al*, 952 F.2d 841 (5th Cir. 1992), the 5th Circuit Court upheld the denial of plaintiff's motion to amend, and held that, "[a]n amendment that a party raises late in the pre-trial life of a lawsuit has a significant tendency to disrupt trial proceedings." (*Id.* at 846). The Court found that the delay in that case was "particularly egregious," after the Court determined that the amendment would radically alter the nature of the trial on the merits, was not proposed until more than a year after the actions had been brought and several months after discovery had been effectively terminated, and after one defendant had moved for summary judgment.

The Fifth Circuit has also stated that "[a party's] awareness of facts and failure to include them in the complaint might give rise to the inference that the [party] was engaging in tactical maneuvers to force the court to consider various theories seriatim. In such a case, where the movant first presents a theory difficult to establish but favorable and, only after that fails, a less favorable theory, denial of leave to amend on the grounds of bad faith may be appropriate." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 141 (5th Cir., 1993).

Plaintiff's Original Petition alleged violations of the FLSA overtime provisions. In his Original Petition he claimed he was a commercial driver. Commercial drivers are exempt from overtime under the FLSA and the Motor Carrier Act. 29 U.S.C. § 213(b)(1). After Initial Disclosures were filed, Plaintiff amended his Original Petition. The <u>only</u> substantive change made from the Original Complaint to Plaintiff's First Amended Complaint was that Plaintiff changed his claim from being a "commercial driver," to being a "service man." (See Original Complaint and First Amended Complaint on file with the court). This change in characterization of his duties was clearly an attempt to circumvent the Motor Carrier Act exemption. There were no additional claims added to the First Amended Complaint and throughout the litigation period Plaintiff maintained <u>only</u>

violations of the FLSA. In fact Plaintiff never made any reference to contract or quantum meruit theories in any of his discovery responses.

Plaintiff testified during his deposition that the only claim he had was for overtime violations. Plaintiff testified,

> "Q. Okay. So you're claiming that Mudlogging Company allegedly did not pay you for overtime; is that right?
> A. That's correct.
> Q. Okay. Are you complaining of anything else against The Mudlogging Company?
> A. Within the pages of this complaint, this is the complaint I have at this time.
> Q. That's right.
> A. **It's the only one.**
> (See Exhibit A, p. 37: 12-21 *emphasis added*).

Now, under the shadow of Defendant's Motion for Summary Judgment, Plaintiff is clearly attempting to add new claims in order to keep his case afloat. These new allegations are unquestionably made in bad faith. Plaintiff's attempt to add on claims which he has already testified he does not have is particularly troubling. Plaintiff testified approximately one month ago that the FLSA overtime action was his sole claim. The Plaintiff is now obviously engaging in tactical maneuvers in order to avoid a Motion for Summary Judgment

Allowing Plaintiff to amend his petition to add claims for breach of contract and quantum meruit would radically alter the nature of the trial on the merits. These are brand new allegations, which were never anticipated by Defendant, and as such would need to be fully investigated at a high cost to Defendant. More importantly, this amendment was not proposed until more than a year after the action had been brought and over a month after discovery has been effectively terminated. Further, Plaintiff files this Motion for Leave after Defendant moved for summary judgment. As such, it is clear that Plaintiff's Motion for Leave is brought in bad faith, as defined by the Fifth Circuit, and therefore should be denied.

2. **Plaintiff's Motion for Leave is Prejudicial to Defendant**

Plaintiff seeks to add state law claims under completely new and separate theories of law -- breach of contract and quantum meruit. These claims could have been asserted early on and litigated but Plaintiff failed to include or mention them until now. Given that these newly added allegations were never before contemplated by Defendant, nor were they ever revealed or even mentioned by Plaintiff, Defendant would be required to expend significant additional resources to conduct discovery and to investigate these new claims. Moreover, Defendant would have to spend a considerable amount of time preparing these additional defenses for trial, which is set for October, 2010. Additional witnesses will need to be interviewed, additional depositions will need to be taken and a significant amount of work will be necessary should Plaintiff's Motion for Leave be granted. Defendant has expended an extensive amount of time, money and effort to defend its case over the last year and three months. If Plaintiff's Motion for Leave is granted, Defendant will incur expenses far beyond what it anticipated and far beyond what is fair at this point in the litigation.

Furthermore, the additional discovery necessary would also require an extension of the discovery period which passed over a month ago, on May 1, 2010, and would significantly delay resolution of this dispute. Not only would this delay inconvenience the Defendant, but the litigation costs for the additional discovery would be unfairly prejudicial as well. Plaintiff has had over a year to develop his case and any new allegations should have been amended or discovered well before the motions and discovery deadlines passed.

3. **Plaintiff's Motion for Leave to Amend Shows a Lack of Diligence.**

The Fifth Circuit has held, "[i]n exercising its discretion to deny leave to amend a complaint, a trial court may properly consider (1) an 'unexplained delay' following an original complaint, and (2) whether the facts underlying the amended complaint were known to the party when the original complaint was filed." *Southmark Corp. v. Schulte Roth & Zabel,* 88 F.3d 311, 316 (5th Cir.,1996).

However, "[l]iberality in pleading does not bestow on a litigant the privilege of neglecting her case for a long period of time." (Id.)

Filing a Motion for Leave at this late juncture in the case shows a lack of diligence on the part of Plaintiff. In fact, Plaintiff has shown a lack of diligence throughout his case. Plaintiff filed the case a year and three months ago. He then conducted no discovery until almost a year later, and that discovery consisted of 18 Requests for Production. Plaintiff did not request depositions. Plaintiff filed an Amended Petition on the eve of the deadline to amend his Original Petition. He now requests to amend his pleading a second time, only after Defendant filed a Motion for Summary Judgment and it became clear that the FLSA claim was not viable, and after the Motions deadline passed.

Plaintiff has unquestionably had ample time to discover all claims which can be alleged against Defendant. In fact Plaintiff testified one month ago, that all claims brought were absolute at the time of his deposition and that his sole cause of action was for overtime violations of the FLSA. (See Exhibit A, p. 37: 12-21). Plaintiff's Motion for Leave states, "[d]iscovery relevant to the federal claim will also be relevant to the state-law claims." If this statement is true, then Plaintiff surely should have anticipated at some point in the last year and three months, and prior to the Motions deadline, that his claim would involve a cause of action for breach of contract or quantum meruit. As such, these new allegations should have timely been added in his prior pleadings or prior to the filing of Defendant's Motion for Summary Judgment. The addition of these new allegations is another attempt to circumvent the Motor Carrier Act exemption and to thwart Defendant's Motion for Summary Judgment.

Finally, Plaintiff offers absolutely no reason for the necessity of an amended petition. "The party seeking leave to amend bears the burden of showing that the delay in amending was due to oversight, inadvertence, or excusable neglect." *Parish v. Frazier*, 195 F.3d 761, 763-64 (5th Cir.1999).

Plaintiff has not alleged new facts or evidence discovered, nor has he argued undue delay or oversight necessitates the need to amend his pleadings. There is simply no support given for his need to amend, beyond, "good cause exists." There is no valid reason to grant Plaintiff's Motion for Leave, and the Motion must be denied.

### 4. Plaintiff's Additional Claims are Futile

Plaintiff's request to amend to add a breach of contract claim is clearly futile and if granted would not withstand a motion to dismiss. As stated above, Plaintiff testified that he did not have any contract with Defendant.

> Q. On No. 5, we asked that you produce any contracts you entered into between you and Mudlogging. Do you have any contracts with Mudlogging that you're aware of?
> A. None that I'm aware of.
> (See Exhibit A, p. 145: 12-16).

Plaintiff's claim for breach of contract thus cannot stand based on his own testimony and based on several affidavits provided by witnesses and included in Defendant's Motion for Summary Judgment. (See Exhibit B). As such, any breach of contract claim brought by Plaintiff is futile and his Motion for Leave to add such a claim should be denied.

Likewise, Plaintiff's claim for quantum meruit must fail for the same reason. Defendant has produced several affidavits from witnesses which state that Plaintiff was paid his full wages for all hours worked. (See Exhibit B). Plaintiff's claim for quantum meruit cannot stand based on this evidence and will not withstand the testimony of these witnesses. Plaintiff's request to amend to add on such a claim is thus futile, and if granted would not withstand a motion to dismiss.

## III. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that Plaintiff's Motion for Leave to Amend Pleadings be denied, that this Court enter an order denying

Plaintiff's Motion for Leave to Amend Pleadings, and for such other and further relief to which they may be entitled.

Respectfully submitted,

By: ______________________________

Wesson H. Tribble
SDTX No. 9201
State Bar No. 20213960
Michelle C. Mishoe
SDTX No. 997007
State Bar No. 24044991
3355 West Alabama St.
Suite 1200
Houston, Texas 77098
Telephone: 713-622-0444
Facsimile: 713-622-0555

**ATTORNEYS IN CHARGE FOR DEFENDANTS THE MUDLOGGING COMPANY, USA, L.P.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing ***Defendants' Response in Opposition to Plaintiff's Motion for Leave to Amend Pleadings*** was served by electronic case filing on this the 8th day of June, 2010 to:

**Charles A. Sturm**
Federal Bar No. 21777
State Bar No. 24003020
**Howard L. Steele, Jr.**
Federal Bar No. 21615
State Bar No. 24002999
**Kevin T. Kennedy**
Federal Bar No. 305324
State Bar No. 24009053
STEELE STURM, PLLC
1000 Louisiana, Suite 3780
Houston, TX 77002
Via Certified Mail, Return Receipt Requested
(Attorneys for Plaintiff)

Michelle Mishoe