IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOUG STANLEY, | § | |
| | § | |
|    Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO:  09-CV-00824 |
| | § | |
| THE MUDLOGGING COMPANY USA, LP, | § | |
| | § | |
|    Defendant. | § | JURY DEMANDED |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Defendant The Mudlogging Company USA, LP ("Mudlogging") should be denied summary judgment. The motor carrier exemption does not apply to Plaintiff Doug Stanley. He is a serviceman who spent 20 hours per week performing repair work in the last year and a half of his employment at the company.

Additionally, the motor carrier exemption is not a blanket exemption. The exemption does not apply in those workweeks in which Stanley had no exempt duties. 29 CFR § 782.2(b)(3).

**A.** <u>**Factual Background**</u>

Stanley started working for Mudlogging around June 2004.[1] When he interviewed at Mudlogging, the interview questions were initially about his driving skills.[2] However, as the

---

[1] Deposition of Doug Stanley at p. 14 ll. 7-9.

[2] *Id.* at p. 58 ll. 5-16; p. 60 ll. 12-25.

interview progressed, his interviewers asked about his welding and electrical skills.[3] They even asked him how he felt about working around high-voltage equipment.[4]

When he started at Mudlogging, his position was as driver.[5] During the last year and a half of his employment at Mudlogging, Stanley's job position became serviceman.[6] As serviceman, Stanley performed welding, electrical, plumbing and repair work.[7] He would spend 20 hours per week performing repair work.[8] His hours at the shop would be between 10 to 40 hours per week.[9] His employment was terminated on December 11, 2008.[10]

The position of serviceman existed at Mudlogging.[11] There were several servicemen at the company.[12] It was a low position within Mudlogging.[13] The foremen and Stanley's supervisor Tony Alvarez called him a serviceman.[14] Stanley's supervisors included several persons who had a higher position than him.[15]

---

[3] *Id.* at p. 58 l. 18 through p. 59 l. 1; p. 61 ll. 1-9.

[4] *Id.* at p. 58 l. 18 through p. 59 l. 1.

[5] *Id.* at p. 40 ll. 7-14; p. 60 ll. 12-25; p. 67 ll. 9-15.

[6] *Id.* at p. 40 ll. 1-4, l. 19 through p. 42 l. 2; p. 61 ll. 1-16; p. 62 ll. 5-8; p. 67 l. 9 through p. 68 l. 10.

[7] *Id.* at p. 68 l. 11 through p. 72 l. 14.

[8] *Id.* at p. 71 ll. 18-20.

[9] *Id.* at p. 72 ll. 11-14.

[10] *Id.* at p. 55 ll. 5-9.

[11] *Id.* at p. 62 ll. 5-8.

[12] *Id.* at p. 62 l. 9 through p. 63 l. 4.

[13] *Id.* at p. 61 l. 17 through p. 62 l. 1; p. 131 l. 16 through p. 132 l. 14.

[14] *Id.* at p. 61 ll. 10-16.

[15] *Id.* at p. 44 l. 21 through p. 45 l. 14, p. 46 ll. 8-24, p. 47 ll. 10-18; p. 68 ll. 5-10; p. 131 l. 16 through p. 132 l. 14.

B. **Summary Judgment Standard**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002); FED. R. CIV. P. 56(c).

"The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case." *Exxon Corp. v. Burglin,* 4 F.3d 1294, 1297 (5th Cir.1993).  All the evidence must be viewed in the light most favorable to the nonmoving party. *Id.*

C. **Summary Judgment Evidence**

Attached to this motion is the following summary judgment evidence, which is incorporated fully herein by reference:

- Exhibit A – Deposition of Doug Stanley

D. **The FLSA applies to Stanley.**

The FLSA requires employers to pay overtime compensation to covered employees who work more than forty hours per week.  29 U.S.C. § 207; *Cleveland v. City of Elmendorf, Tex.*, 388 F.3d 522, 526 (5th Cir. 2004).  As an enterprise engaged in commerce or the production of good for commerce, Mudlogging is subject to the FLSA overtime requirement.  29 U.S.C. § 207.

E. **The motor carrier exemption does not apply to Stanley.**

FLSA exemptions are construed narrowly and the employer bears the burden of proof on any exemption.  *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 584 (5th Cir. 2006); *Gallegos v.*

*Equity Title Co. of America, Inc.*, 484 F. Supp. 2d 589, 593 (W.D. Tex. 2007).

At issue in this case is whether an employee who starts as a driver but becomes a serviceman in the last year and a half of his employment is subject to the motor carrier exemption. During the last year and a half of his employment at Mudlogging, Stanley was a serviceman.[16] His job duties as serviceman included welding, electrical, plumbing and repair work.[17] Therefore, Stanley was a non-exempt employee during the last year and a half of his employment at Mudlogging.

Mudlogging presented several affidavits stating that Stanley was not a serviceman, and that the position did not exist at the company. These affidavits are directly contradicted by Stanley's deposition testimony. Stanley testified that the position of serviceman existed at Mudlogging.[18] In fact, the foremen and his supervisor Tony Alvarez called him a serviceman.[19] He was just one among many servicemen at the company.[20] These are fact issues that must be resolved in Stanley's favor, precluding summary judgment.

**F.** **The motor carrier exemption is not a blanket exemption. It does not apply to the workweeks in which Stanley had no exempt duties.**

The motor carrier exemption is not a blanket exemption. If Stanley does not have any exempt duties in any workweek, the exemption does not apply in that particular workweek. "If in particular workweeks other duties are assigned to [an employee] which result, in those workweeks, in his performance of activities directly affecting the safety of operation of motor

---

[16] Deposition of Doug Stanley at p. 40 ll. 1-4, l. 19 through p. 42 l. 2; p. 61 ll. 1-16; p. 62 ll. 5-8; p. 67 l. 9 through p. 68 l. 10.

[17] *Id.* at p. 68 l. 11 through p. 72 l. 14.

[18] *Id.* at p. 62 ll. 5-8.

[19] *Id.* at p. 61 ll. 10-16.

[20] *Id.* at p. 62 l. 9 through p. 63 l. 4.

vehicles in interstate commerce on the public highways, the exemption will be applicable to him those workweeks, but not in the workweeks when he continues to perform the duties of the non-safety-affecting job." 29 CFR § 782.2(b)(3). The motor carrier exemption is not applicable in those workweeks in which an employee performs no interstate driving. *Crooker v. Sexton Motors, Inc.*, 469 F.2d 206, 210 (1st Cir. 1972). Hence, any workweek in which Stanley had no exempt duties would be outside the motor carrier exemption.

The FLSA provides an exemption for drivers in interstate commerce. The FLSA's overtime requirements do not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49." 29 U.S.C. § 213(b)(1). 49 USC section 31502 applies to transportation "described in sections 13501 and 13502 of [Title 49]" and "to the extent the transportation is in the United States and is between places in a foreign country, or between a place in a foreign country and a place in another foreign country." 49 U.S.C. § 31502(a). Hence, the exemption would apply in any workweek that Stanley had driving duties. However, for those workweeks wherein he had no driving duties, the exemption would not apply to him. This is particularly true for the last year and a half of his employment at Mudlogging, when he was performing serviceman duties.[21] During this time, 20 hours per week were devoted to repair work.[22] He would spend between 10 to 40 hours per week at the shop.[23]

In the workweeks wherein he had no exempt duties, Stanley should not be subject to the motor carrier exemption. 29 CFR § 782.2(b)(3); *Crooker*, 469 F.2d at 210. A court must defer to

---

[21] Deposition of Doug Stanley at p. 40 ll. 1-4, l. 19 through p. 42 l. 2; p. 61 ll. 1-16; p. 62 ll. 5-8; p. 67 l. 9 through p. 72 l. 14.

[22] *Id.* at p. 71 ll. 18-20.

[23] *Id.* at p. 72 ll. 11-14.

regulations adopted by the Department of Labor that are based on a permissible interpretation of the FLSA. *Christensen v. Harris County*, 529 U.S. 576, 586-587 (U.S. 2000) (citing *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-844 (1984); *Vela v. City of Houston*, 276 F.3d 659, 667 (5th Cir. 2001)). 29 CFR § 782.2(b)(3) is based on a permissible interpretation of the FLSA, therefore it is entitled to due deference.

Stanley is not subject to the motor carrier exemption in those workweeks in which he had no exempt duties. FLSA exemptions are construed against the employer, and as the party resisting summary judgment, Stanley is entitled to have the evidence considered in the light most favorable to him. Therefore, Mudlogging should be denied summary judgment.

## G. Stanley's last live pleading supersedes all previous ones.

Stanley filed his Original Complaint on March 19, 2009 and his First Amended Complaint on July 31, 2009. The First Amended Complaint completely supersedes the Original Complaint. Therefore, Mudlogging cannot use the Original Complaint as evidence.

"An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)). "[O]nce an amended pleading is interposed, the original pleading no longer performs any function in the case." *B & H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 268 n.8 (6th Cir. 2008) (quoting 6 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1476 (2d ed. 1990)).

## H. Relief requested

Defendant The Mudlogging Company USA, LP has the burden of proof on any exemption that may apply to Stanley. Mudlogging's only evidence consists of self-serving

affidavits. Stanley is a serviceman who is not exempt under the FLSA. Even if the motor carrier exemption applies to him, it is not a blanket exemption. The exemption does not apply in any workweek wherein he had no exempt duties. Therefore, Plaintiff Doug Stanley requests the Court to deny summary judgment.

                                          Respectfully submitted,

                                          __/s/ *Charles A. Sturm*_____
                                          CHARLES A. STURM
                                          Texas Bar No. 24003020
                                          Federal Bar No. 21777
                                          1000 Louisiana, Suite 3780
                                          Houston, Texas 77002
                                          (713) 659-2600 [Telephone]
                                          (713) 659-2601 [Facsimile]
                                          csturm@steelesturm.com

                                          ATTORNEY IN CHARGE FOR
                                          PLAINTIFF DOUG STANLEY

OF COUNSEL:
HOWARD L. STEELE, JR.
Texas Bar No. 24002999
Federal Bar No. 21615
KEVIN T. KENNEDY
Texas Bar No. 24009053
Federal Bar No. 305324
VICTOR ANG
Texas Bar No. 24059382
Federal Bar No. 962896
STEELE STURM, PLLC
1000 Louisiana, Suite 3780
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]

## **CERTIFICATE OF SERVICE**

     I certify that a copy of Plaintiff's Response to Defendant's Motion for Summary Judgment was served on the following counsel of record by electronic case filing on June 17, 2010.

Philip R. McDaniel
TRIBBLE, ROSS & WAGNER
3355 W. Alabama, Suite 1200
Houston, Texas 77098
Telephone: 713.622.0444
Facsimile: 713.622.0555

                                        /s/ Charles A. Sturm
                                      CHARLES A. STURM