UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DISTRICT

| | | |
|---|---|---|
| DOUG STANLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:09-CV-00824 |
| v. | § | |
| | § | |
| | § | |
| THE MUDLOGGING COMPANY USA, LP | § | |
| | § | |
| Defendant. | § | |

DEFENDANT THE MUDLOGGING COMPANY USA, LP'S
REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S TRADITIONAL MOTION
FOR SUMMARY JUDGMENT

To the Honorable Judge Vanessa D. Gilmore:

Pursuant to Federal Rule of Civil Procedure 56, Defendant The Mudlogging Company USA, LP, (the "Company," or "Defendant"), hereby moves this Court for the entry of summary judgment. Defendant asserts that there is no genuine dispute as to any material fact and Defendant is entitled to judgment as a matter of law. All of the record evidence confirms that Plaintiff Doug Stanley ("Plaintiff"), was a commercial driver for Defendant and was exempt from the Fair Labor Standards Act ("FLSA"), based on the Motor Carrier Act.

A.   STATEMENT OF FACTS

Plaintiff was hired by Defendant on June 10, 2004, as a commercial driver. (See Exhibits A, B, C, and D). His work entailed driving 2 1/2 ton diesel trucks and delivering and picking up mudlogging units from well sites around Texas and the United States. (See Exhibits A, B, C, and D and E p. 85: 4-15). Plaintiff admitted that he drove daily for the Company. (See Exhibit E, p. 66: 2-3). Company records and affidavits indicate that Plaintiff was a commercial driver and was exempt from the FLSA. (See Exhibits A, B, C, D, F and G).

### B.   ARGUMENTS AND AUTHORITIES

Plaintiff argues that under 29 CFR §782.2(b)(3) the Motor Carrier exemption does not apply in those workweeks in which he had no exempt duties.   First, this allegation has no basis in law. Second, Plaintiff cannot show that in any given work week, while he was employed with the Company, that he did not drive.   Therefore Plaintiff's argument must fail and Defendant's Motion for Summary Judgment should be granted.

### 1.   Plaintiff's Argument is Unsupported by the Fifth Circuit.

Plaintiff bases his legal argument in his Reply on First Circuit case law which states "[t]he motor carrier exemption is not applicable in those workweeks in which an employee performs no interstate driving." *Crooker v. Sexton Motors, Inc.*, 469 F.2d 206, 211 (1ˢᵗ Cir. 1972). This case law is not binding and Plaintiff cites to <u>no</u> other binding case law to supports this argument.

Moreover, the Court in *Crooker* made a very important distinction.   The First Circuit court held that the plaintiff in *Crooker* <u>was</u> entitled to the MCA exemption but was not entitled to an exemption during weeks when he did <u>no</u> driving. *Crooker v. Sexton Motors, Inc.*, 469 F.2d at 211. In the present case, there is no evidence which can support an argument that in any given workweek Plaintiff did not drive. Therefore, even under the non-binding *Crooker* decision, Plaintiff falls under the Motor Carrier Exemption and is exempt from overtime under the FLSA.

### 2.   Plaintiff is an exempt employee under 29 CFR §782.2(b)(3)

Plaintiff argues that 29 CFR §782.2(b)(3) holds that the MCA exemption does not apply in workweeks when he continues to perform the duties of the non-safety affecting job.   Plaintiff has truncated the statute to support his argument; however, a full reading of the statute shows that Plaintiff clearly falls under this statute.   The entirety of 29 CFR §782.2(b)(3) states:

> **"As a general rule, if the bona fide duties of the job performed by the employee are in fact such that he is (or, in the case of a member of a group of drivers, driver's helpers, loaders, or mechanics employed by a common carrier and engaged in safety-affecting occupations, that he is <u>likely to be</u>) called upon in the ordinary course of his work to perform, <u>either regularly or from time to time,</u> safety-affecting activities of the character described in paragraph (b)(2) of this section, <u>he comes within the</u>**

exemption in all workweeks when he is employed at such job. **This** general rule assumes that the activities involved in the continuing duties of the job in all such workweeks will include activities which have been determined to affect directly the safety of operation of motor vehicles on the public highways in transportation in interstate commerce. Where this is the case, the rule applies regardless of the proportion of the employee's time or of his activities which is actually devoted to such safety-affecting work in the particular workweek, and the exemption will be applicable even in a workweek when the employee happens to perform no work directly affecting "safety of operation." On the other hand, where the continuing duties of the employee's job have no substantial direct effect on such safety of operation or where such safety-affecting activities are so trivial, casual, and insignificant as to be de minimis, the exemption will not apply to him in any workweek so long as there is no change in his duties. (Pyramid Motor Freight Corp. v. Ispass, 330 U.S. 695; Morris v. McComb, 332 U.S. 422; Levinson v. Spector Motor Service, 330 U.S. 649; Rogers Cartage Co. v. Reynolds, 166 F. (2d) 317 (C.A. 6); Opelika Bottling Co. v. Goldberg, 299 F. (2d) 37 (C.A. 5); Tobin v. Mason & Dixon Lines, Inc., 102 F. Supp. 466 (E.D. Tenn.)) If in particular workweeks other duties are assigned to him which result, in those workweeks, in his performance of activities directly affecting the safety of operation of motor vehicles in interstate commerce on the public highways, the exemption will be applicable to him those workweeks, but not in the workweeks when he continues to perform the duties of the non-safety-affecting job. (Id. Emphasis added).

Plaintiff's duties were such that he was likely to be called upon in the ordinary course of his workweek to perform, either regularly or from time to time, safety affecting activities, to wit: driving a 2 1/2 ton commercial vehicle on interstate highways. He testified that he drove daily and Company records indicate that he drove daily. (See Exhibits E, p. 66: 2-3, F and G). Plaintiff also testified that he was on call twenty four hours a day, seven days a week. (See Exhibit E, p.66: 2-5 and 139:22 – 140: 11). The MCA applies "regardless of the proportion of the employee's time or of his activities which is actually devoted to such safety-affecting work in the particular workweek, and the exemption will be applicable even in a workweek when the employee happens to perform no work directly affecting 'safety of operation.'" 29 CFR §782.2(b)(3). According to his own testimony and according to documents produced, Plaintiff was likely to drive a commercial vehicle and in fact did drive a commercial vehicle daily, if not weekly. (See Exhibits E, p. 66: 2-3, F and G). As such Plaintiff clearly falls under the MCA exemption and is not entitled to overtime under the FLSA.

3.  Plaintiff was a Commercial Driver

Company vehicle records produced show that Plaintiff drove a commercial vehicle every week in 2006; every week in 2007, except for a one month period when he was on medical leave; and every week in 2008, except for a one week vacation.  (See Exhibits F and G).  These same records demonstrate that Plaintiff typically drove at least once a week and up to five times a week every year. (Id.).  Further, Plaintiff admitted that he drove daily and that he was on call twenty four hours a day and seven days a week. (See Exhibit E, p.66: 2-5 and139:22 – 140: 11).

Defendant has produced voluminous documents, over 700 pages, including DOT driver log books, payroll records and company vehicle reports, which clearly indicate that Plaintiff primarily drove a commercial vehicle daily for the Company.  (See Exhibits F and G).  Plaintiff has never disputed these documents nor has he argued that these documents are not factual.

As such, because he could be called upon in the ordinary course of his work to perform, either regularly or from time to time, safety-affecting activities, Plaintiff comes within the MCA exemption in all workweeks when he is employed with Defendant.

Plaintiff alleges that his work involved welding, plumbing, electrical work and repair work, in addition to driving a commercial vehicle on interstate highways.  However, these duties and the time spent on these duties are not enough to entitle Plaintiff to overtime under the FLSA, nor can he use these duties to circumvent the MCA.

First, Plaintiff admitted that any welding work he did involved welding on trailers, primarily the axles of trailers, which hauled the mudlogging units he delivered.  (See Exhibit E, p. 69: 8–70: 9).  Commercial drivers hauling trailers on interstate highways must ensure the maintenance of the trailers carrying the load under Department of Transportation regulations.   49 C.F.R. 396.3(a)(1).  This work is classified as a substantial part of an activity which affected the safety of operation of his vehicles in interstate commerce and Plaintiff cannot use this work to qualify as non-exempt under the FLSA.

Second, Plaintiff alleges that he performed plumbing to the mudlogging units that he delivered. This alleged plumbing work entailed approximately 30 minutes to two hours a week. (See <u>Exhibit E</u> p. 71: 4-6). Over a forty hour plus work week, spending 30 minutes to two hours a week plumbing, is de minimus at best and cannot be used to circumvent the MCA.

Finally, Plaintiff alleges in his Reply that he spent approximately twenty hours a week involved in "general repair work." Taken as true, Plaintiff was a full-time employee and is claiming overtime for over forty hours a week. As such, he would have <u>had</u> to spend the rest of the workweek <u>driving</u>. Additionally, Plaintiff approximates that he spent 10 to 40 hours a week in the shop the last year and a half of his employment with the Company. Again, Plaintiff's allegations are based on overtime under the FLSA. If this statement is true, that he spent 10 to 40 hours a week in the shop, then he would have <u>had</u> to spend any hours beyond this <u>driving</u>. In which case, in <u>all</u> workweeks he was clearly performing driving duties. As such, there is simply no period of time in any given workweek that Plaintiff can claim that he was not driving. Additionally, Plaintiff has not identified any particular week or weeks in which he did not drive or perform safety affecting duties.

Plaintiff was clearly a commercial driver and subject to the MCA. Plaintiff was likely to be called upon in the ordinary course of his work to perform, either regularly or from time to time, safety-affecting activities covered by the Secretary of Transportation. As such, he comes within the exemption in all workweeks when he is employed at such job and he is not entitled to overtime under the FLSA.

## C.     <u>CONCLUSION</u>

WHEREFORE, PREMISES CONSIDERED, Defendant, The Mudlogging Company USA, LP, requests judgment in its favor and for dismissal of all of Plaintiff Doug Stanley's claims with prejudice, that Plaintiff take nothing from and against Defendant as to all claims alleged in this cause of action, and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

By: _____
     Wesson H. Tribble
     SDTX No. 9201
     State Bar No. 20213960
     Michelle C. Mishoe
     SDTX No. 997007
     State Bar No. 24044991
     3355 West Alabama St.
     Suite 1200
     Houston, Texas 77098
     Telephone: 713-622-0444
     Facsimile: 713-622-0555

**ATTORNEYS IN CHARGE FOR DEFENDANTS THE MUDLOGGING COMPANY, USA, L.P.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Defendants Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment* was served by electronic case filing on this the 23rd day of June, 2010 to:

**Charles A. Sturm**
Federal Bar No. 21777
State Bar No. 24003020
**Howard L. Steele, Jr.**
Federal Bar No. 21615
State Bar No. 24002999
**Kevin T. Kennedy**
Federal Bar No. 305324
State Bar No. 24009053
STEELE STURM, PLLC
1000 Louisiana, Suite 3780
Houston, TX 77002
Via Certified Mail, Return Receipt Requested
(Attorneys for Plaintiff)

Michelle Mishoe